## DAVID F. HOLLISTER *vs.* GILBERT LEFEVRE AND OTHERS.

*C* conveyed by a deed and bill of sale all his property real and personal to *L* in fraud of the insolvent law of this state. *H*, a creditor, immediately afterwards attached it. *L* then sued him in trespass for the personal property attached, which suit was brought to the United States court. Insolvent proceedings were instituted against *C* within sixty days after the conveyances, which dissolved the attachment, and *H* was appointed trustee in insolvency. *H* pleaded to the suit of *L* in the United States court the general issue, with notice of his appointment as trustee in insolvency, and on the trial offered evidence that the bill of sale to *L* was void under the insolvent law of this state, and asked the court so to charge the jury. The court did not so charge, but only that if "honestly made" it was valid, but if made to "defraud creditors" it was void, and the jury brought in a verdict for *L*, and the court refused to grant a new trial. *H* then brought the present bill in equity against *L*, setting forth the fraudulent character of the conveyances under the insolvent law, his appointment and title as trustee in insolvency, his personal interest as a creditor, and the claims of certain other parties to an anterior interest in the property, making *L* and the other claimants respondents, and praying that the parties might interplead; with a prayer for general relief. The court below found that the conveyance of the real estate was in fraud of the insolvent law, but refused to receive evidence with regard to the bill of sale of the personal property on the ground that the judgment of the United States court was conclusive on this point. On a motion for a new trial by *H* it was held :—

1. That the judgment was not a conclusive adjudication upon the question whether the bill of sale was in fraud of our insolvent law, or whether the personal property vested in *H* as trustee in insolvency, as *H* was sued individually, and under the charge of the court that question could not have been passed upon by the jury.

2. That as the creditors of *C* were entitled to the benefit of the property conveyed to *L* by *C* in fraud of the insolvent law, and as the judgment of *L* against *H* was a valid judgment and represented the property, *L* should be regarded as holding that judgment in trust for the benefit of the creditors.

3. That the creditors could get the benefit of the judgment only through the trustee in insolvency, and that it made no difference that the trustee was *H* himself, who was the judgment debtor; and that *L* should be ordered to assign the judgment to *H* as trustee, or *H* individually to pay the amount of it to himself as trustee; the court ascertaining and providing for any anterior interest of any of the respondents in the property and ordering the assignment or payment of only such portion of the judgment as it should be found that the creditors were entitled to.

4. That although the bill was a bill of interpleader, and could not be sustained as such upon the facts, yet as enough was alleged to enable the court to see what were the rights of the parties, the proper relief could be granted under the general prayer for relief.

BILL IN EQUITY. The Superior Court, (*Pardee, J.,*) dismissed the bill and the petitioner moved for a new trial.    The case is fully stated in the opinion.

*Loomis* and *Treat,* in support of the motion.

*Dutton,* contra.

BUTLER, J.    There is much complication in this record, and in order to present our reasons for granting a new trial intelligently, it is necessary to extract and state the material facts involved.

On the 10th day of August, 1860, John Conrad, being in failing circumstances and insolvent, and in possession of a considerable amount of real and personal property, conveyed by two deeds and a bill of sale the whole of it to the respondent Lefevre in fraud of our insolvent laws.    On the 17th of August following, the petitioner caused the same to be attached by suits in favor of himself and other creditors. On the 3d of September following, by proceedings duly had in the court of probate, Conrad was declared a bankrupt, and the petitioner was appointed trustee in insolvency of his estate, and the attachments were thereby dissolved.    About the same time, (but whether before or after the appointment of the petitioner as trustee, the record does not disclose,) Lefevre, being a citizen of the state of New York, brought his action of trover and trespass against the petitioner, in the Circuit Court of the United States, to recover the value of the personal property so taken by attachment.    The petitioner also on the 4th of September, the day following his appointment as trustee, brought his petition to the Superior Court to have the fraudulent conveyances set aside.

So the parties stood until April, 1865, when the petitioner pleaded the general issue to the action in the Circuit Court with the following notice: "The plaintiff will take notice that, in addition to evidence under the general issue as aforesaid, the defendant will show that by the order and decree of the court of probate in and for the district of Bridgeport, le-

gally made and issued on the 3d day of September, 1860, upon a petition duly and legally brought to said court by L. and W. B. Fitch on or about the 25th day of August, 1860, the defendant, David F. Hollister, was duly and legally appointed by said court, under and by virtue of the statute law of said state of Connecticut, the trustee in insolvency of the estate of John Conrad, an insolvent debtor, residing in said Bridgeport, who was then and for a long time previous thereto and prior to the 10th day of August, 1860, had been in failing circumstances with the knowledge of the plaintiff." On that plea and notice the case was then and there tried. On the trial the petitioner offered evidence to prove and claimed that he had proved, that on the 10th day of August, 1860, when the bill of sale was executed and delivered to the plaintiff, Conrad was largely indebted to the plaintiff and others, and was in failing circumstances, which was then known to the plaintiff, and that the bill of sale was made by Conrad and received by the plaintiff for the purpose of giving a preference to the plaintiff over the other creditors of Conrad, with the knowledge of such purpose on the part of the plaintiff; and he asked the court to charge the jury that if they should so find, then that the bill of sale was void and the plaintiff acquired no rights thereby. The facts set up in the defendant's notice were admitted to be true. But the court did not charge the jury as requested by the defendant, but charged them that if they should find the transaction was honest, then it should be upheld, but if they should find that the bill of sale was made by Conrad with intent to cheat and defraud his creditors, with the knowledge of the plaintiff, then that the same was fraudulent and void, and the plaintiff acquired no rights thereby. Thus the only question entertained or submitted to the jury was whether the conveyance on which the plaintiff relied was fraudulent at common law.

Other claims were made by the parties respectively, upon which the jury were instructed, and they returned a verdict for Lefevre for the value of the property conveyed to him by Conrad by the bill of sale, and which had been attached by Hollister.

The petitioner thereupon moved for a new trial, assigning among other reasons, the refusal of the court to submit to the jury the question whether or not the bill of sale was fraudulent and void as against him by force of the insolvent laws of this state. The action of the court was sustained and a new trial denied, and judgment was rendered against the petitioner.

The petitioner thereupon brought another bill in equity, the one in question, setting forth the conveyance of the personal property by Conrad to Lefevre, as herein before stated, the further fact that one Meyers claimed an interest in the property anterior to and irrespective of the bill of sale, and the facts relative to the attachment of the property, the appointment of the petitioner as trustee, and the proceedings and judgment in the Circuit Court, as herein before stated, averring that the rights and interest of Conrad in said personal property vested in the petitioner as trustee in insolvency, and further setting forth that Meyers was dead, leaving a last will and executors who claimed an interest in the judgment obtained by Lefevre against him, that Philip and Martin Conrad claimed an equitable interest in the judgment, and that the petitioner had an equitable interest in the judgment as an individual, praying that the parties might interplead, &c., with a general prayer for relief.

Both the petitions were tried together by agreement in the court below. On the trial the court found that " at the time of such conveyance of the real and personal estate by said John Conrad said two deeds and said bill of sale executed by said Conrad, and delivered to the respondent, as above set forth, embraced all the real and personal estate liable to. be taken on execution, owned by said Conrad, or in which he had any interest on said 10th day of August, 1860 ; that on said day the said Conrad was in failing circumstances, unable any longer to carry on the brewery business in which he was then engaged, and unable to pay his debts, and was insolvent, all of which was then well known to the respondent ; that before and at the making, delivery and acceptance of said conveyances, the respondent agreed with said

John Conrad to cancel and discharge the aforesaid indebtedness of Conrad to himself, and to pay to the said Meyers, and to the said Philip and Martin Conrad, and to the petitioner, a part of the said sums due to them respectively, to wit: the sum of two hundred and fifty dollars to each ; and to the said John Cornad the sum of fifty dollars, together with some additional sum, the precise amount of which was not then stated or agreed upon, which said agreement was the sole consideration of said conveyances.  The court thereupon decreed in favor of the petitioner upon his first petition as trustee in insolvency in relation to the real estate conveyed to the respondent, but not in relation to the personal estate, and the court declined to find the facts in relation to the second petition, on the ground that " all the important questions in said cause had been tried and decided in said cause in said Circuit Court, and the petitioner was concluded thereby, " and thereupon dismissed that petition.

Upon the foregoing facts, we are of opinion ;—

1.   That no conclusive adjudication upon the questions whether or not the conveyance of the personal property by Conrad to the respondent was made in fraud of our insolvent law, and whether the same vested in the petitioner as trustee in insolvency of Conrad, was had in the Circuit Court of the United States.  The petitioner was sued as an individual for a tortious taking before he was appointed trustee, and in his notice set up the fact that the conveyance under which the respondent claimed in that case was made when Conrad was in failing circumstances, with the knowledge of the plaintiff, and also the fact that the defendant was afterwards appointed trustee in insolvency, but the notice did not allege that the conveyance was made with a view to insolvency, nor that the appointment abated the suits by which the property was taken, nor that the conveyance was made in fraud of the law relating to insolvency, nor that the defendant claimed the title as such trustee, nor did the defendant ask the court to charge the jury that he, the defendant, acquired a title to such property by virtue of his appointment as such trustee.  The question therefore whether the petitioner ac-

quired such title or not, was not made expressly in the case. The petitioner did claim and asked the court to charge, that if the jury found that Conrad was in failing circumstances when he made the bill of sale, and that was known to Lefevre, and the bill of sale was made for the purpose of giving a preference to Lefevre, the bill of sale was void and Lefevre acquired no rights thereby; but the court refused to entertain that proposition, and the action of the court was affirmed on a motion for a new trial.

2. As it thus appears that neither the question whether the bill of sale of the personal property was fraudulent by force of our statute of insolvency, nor whether the petitioner had acquired a title to the personal property by force of his appointment as trustee, were conclusively adjudicated in the Circuit Court; and as it further appears from the decree of the court made upon the other petition, that it was proved upon the trial of both petitions, and therefore of this, that the bill of sale was made in fraud of our insolvent law, and therefore that the petitioner had title to the personal property as such trustee, it seems very clear that, in some way, the creditors of Conrad are entitled to the benefit of it and that the proceedings in the Circuit Court ought not to affect their rights. There is no way in which they can receive that benefit except through the petitioner as trustee, or some successor of his in the trust. If some other person had been the trustee, the suit in the Circuit Court having vested the title to the personal property in the petitioner and transmuted its value into a judgment, it seems clear that the judgment, representing the property, should be deemed to be held by the respondent Lefevre in trust for the creditors of Conrad; and an assignment of it by him or the payment of it by the petitioner be decreed to the trustee; and we are not able to see that the rights of the creditors of Conrad cannot be equally well protected notwithstanding the petitioner is both judgment debtor and trustee. Equity can recognize the different capacities and decree accordingly.

3. But we have had some difficulty with the petition. It is in form a bill of interpleader and such is the character of

its special prayer, but as a bill of interpleader it cannot be sustained. We think however that there are facts enough averred to enable the court to give to the petitioner, as the representative of the creditors of Conrad, the relief to which those creditors are clearly entitled, and this relief can be granted under the general prayer for relief. The insolvency of Conrad at the time of the conveyance to Lefevre, the proceedings in insolvency by virtue of which Conrad was declared an insolvent and the petitioner appointed his trustee, the fact that the property thereby vested in the petitioner as such trustee, and the fact of the recovery of the judgment in the Circuit Court against the petitioner as an individual, are all sufficiently averred, and these are all the material facts which it was necessary to aver in order to entitle the petitioner to relief. And as the other persons who claimed an interest in the judgment were all before the court, it was competent for the court to ascertain whether any of the parties had an interest in the personal property before the conveyance, and any consequent equitable claim upon the judgment; and to decree that the petitioner should retain all the monies due by the judgment, or such portion of them as did not equitably belong to third parties, as they found the facts to be, and to enjoin the respondent Lefevre from collecting such portion of the judgment as the court should find that the creditors of Conrad were equitably entitled to receive; and that we think the court under the circumstances should have done.

For these reasons we advise a new trial.

In this opinion the other judges concurred.