Barrett, J.
The case of Coster v. The Greenpoint Ferry Co., 5 Civ. Pro. 146, affirmed 98 N. Y. 660, was not overlooked. It was' not specially examined for the reason that it was not cited by Mr. De la Mare in support of his present contention, but in support* of another and entirely different proposition, namely: that the attorney might proceed in the action without leave especially obtained. Upon examining the case minutely in the light of Mr. De la Mare’s affidavit with regard to the precise facts, I think it is worthy of full consideration. The question is a difficult one, and in view of this Coster case and also of the general term decision in Keeler v. Keeler, 21 N. Y. State Rep. 667,1 think there should be a reargument, but such reargument should be confined to this single point.
Van Brunt, P. J., and Brady, J., concur.
*322 Note on “ Reabghjment on Appeai.”
In court of appeals.—As to when a motion for a reargument will, be granted by the court of appeals, see Fosdick v. Hempstead, 126 N. Y. 651.
As to when a reargument will be denied, see Hovey v. Elliott, 118 N. Y. 124.
Frivolous motions for reargument, condemned. People v. Jugigo, 128 N. Y. 589.
A reargument was granted, in the court of appeals, on the ground that the reversal was had on a point not argued, and upon which there is a wide divergence of opinion among the members of the court. McArthur v. Gordon, 126 N. Y. 597.
Supreme court.—No motion for a reargument at general term can be made after an appeal to the court of appeals. Matter of Citizens’ W. W. Co. v. Parry, 60 Hun, 585.
The general term is not bound by dicta upon the merits, in an opinion in the court of appeals, when the latter court dismisses the appeal on the ground that the decision rested solely in the discretion of former court, and it will not grant a reargument based thereon. Van Rensselaer v. Wright; Same v. Shafer, 58 Hun, 605.
Where there is a misapprehension as to the first appeal, a reargument will be granted. Shiels v. Wortmann, 57 Hun, 590.
A reargument will not be granted, where no good purpose will be served. Walsh v. Brown, 53 Hun, 632.
As to when a reargument will be granted, on account of an unintentional omission from the judgment, see Taggart v. Rogers, 50 Hun, 606.
As to when a reargument will be ordered, see Carter v. Byron, 49 Hun, 299; Minto v. Baur, 54 Id. 637; Duncan v. Root, 23 N. Y. St. Rep. 58; Bush v. Abrahams, Id. 82; Uhler v. Ryer, Id. 630; Stearns v. Hemmens, 22 Id. 24; Mahon v. Sewell, 27 Id. 816; Shipherd v. Cohn, 57 Supr. 507.
Common pleas.—The principle laid down in Tomlinson v. Gurley, 5 Daly, 283., as to reargument, reiterated. Heald v. MacGowan, 15 Daly, 233.
A reargument will not be granted where no misconception concerning any question presented appears. Goodman v. Cohen, 16 Daly, 47.
Where there is a probable error in directing a reversal of the judgment in its entirety, a reargument will be ordered. Lawrence v. Met. E. Ry. Co., 16 Daly, 501.
Circumstances under which reargument will be ordered. Eichner v. L. & L. & G. Ins. Co., 29 N. Y. St. Rep. 411. .
As to when a reargument will be denied, see E. T. Co. v. E. B. Co., 16 Daly, 212; Poole v. Harris, 28 N. Y. St. Rep. 170.
As to when a reargument should be granted to enable the party to be *323 heard on a decisive point, not argued on appeal, see Van Etten v. Newton, 28 N. Y. St. Rep. 169.
A reargument on the ground that evidence to the same effect, as that decided to have been erroneously excluded, was admitted, without objection, and considered on the trial. Doyle v. Man. Ry. Co., 32 N. Y. St. Rep. 12.
To entitle a party to a reargument of an appeal it must be made to appear that some question decisive of the case, and which was presented by counsel upon the argument has been overlooked by the court or that the decision is inconsistent with some statute, or with a controlling decision, to which the attention of the court was not drawn through the neglect or inadvertence of counsel. People ex rel. Ward v. Purroy, 45 N. Y. St. Rep. 49.
A motion for reargument of an appeal will not be entertained unless presented at farthest, to the term next succeeding that at which the appeal was decided. Nordlinger v. Levine, 45 N. Y. St. Rep. 52.
A motion for reargument will be denied, where no question of fact or citation decisive of the case was overlooked, and the questions of law raised are not novel. Barnum v. Fitzpatrick, 45 N. Y. St. Rep. 102. Nor will the reargument of appeal be allowed for the sole purpose of reviewing the conclusion of a former general term on a question of construction which depends largely on the evidence. Compton v. Heissenbuttel, 45 N. Y. St. 102.