VOORHIES v. CUMMINGS.

(Supreme Court, Appellate Division, Second Department.   July 1, 1899.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—ABROGATION OF LEASE.
   Code Civ. Proc. § 2253, provides that "the issuing of a warrant for the removal of a tenant from demised premises cancels the agreement for the use of the premises, * * * and annuls accordingly the relation of landlord and tenant."   After a judgment in summary proceedings dispossessing a lessee for nonpayment of a first installment of rent, the lessee paid, and the lessor accepted, the installment, and the lessee was allowed to remain in possession.   Held to sustain a finding that the parties had waived the abrogation of the lease, and that the relation of landlord and tenant continued, so as to authorize a second proceeding on nonpayment of the next installment.

2. APPEAL—FINDINGS OF FACT.
   A finding of fact by a trial court, which has any evidence to sustain it, is conclusive.

Appeal from municipal court, borough of Brooklyn, Fifth district.

Summary proceedings by James W. Voorhies against Henry M. Cummings.   Judgment for plaintiff, and defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Joseph M. Rawle, for appellant.

Charles J. Patterson, for respondent.

HATCH, J. This appeal presents a single question of law. The defendant leased certain premises of the plaintiff by a written lease for the term of one year, the same to take effect on the 1st day of October, 1898, and continue to the 1st day of October, 1899. The rent reserved in the lease was $285 for the term, payable $85 on the 1st day of November, 1898, and $100 on the 1st days of February and June following. The first installment was not paid, and the plaintiff, for such failure, instituted summary proceedings to dispossess the defendant for nonpayment of rent. This proceeding terminated in a judgment dispossessing the defendant, and a precept issued to the marshal to carry into effect such judgment. When the marshal sought to execute this process, the defendant paid to him the installment of rent due at the time the proceeding was instituted. Thereupon the marshal forbore to execute the process, and gave to the plaintiff therein the amount received. The plaintiff accepted the same. No further steps were taken to enforce the judgment, and the defendant remained in the use and enjoyment of the premises in manner the same as he had prior thereto. The rent reserved for February not being paid, the plaintiff again instituted summary proceedings to dispossess for such nonpayment. The defendant answered this proceeding by claiming that the lease was not subsisting between the parties; that the first proceeding abrogated the lease, in consequence of which a second proceeding could not be maintained thereon. It may be observed that the defendant is somewhat critical, as, in any event, he is to be ejected from the premises. We might treat the objection as hypercritical, inasmuch as he seems to exact that certain process shall be used to cast him into the street, when either will do, and two processes for that purpose seem a superfluity. But, as the security of the republic requires that what is to be done shall be legally done, we recognize that the defendant may exact that legal proceedings shall obtain to remove him from the place where he is not wanted. Section 2253 of the Code of Civil Procedure, in terms, provides: "The issuing of a warrant for the removal of a tenant from demised premises cancels the agreement for the use of the premises, * * * and annuls accordingly the relation of landlord and tenant," except that the landlord may thereafter maintain an action for rent which has accrued. It has been held by respectable authority that, as the purpose of the proceeding was to recover possession of the premises, the tenant might recognize the right and surrender such possession in obedience thereto, in which event the relation of landlord and tenant would be abrogated, even though the term had not expired, and even though no warrant of removal issued. Gallagher v. Reilly (Com. Pl.) 10 N. Y. Supp. 536; Ash v. Purnell (Com. Pl.) 11 N. Y. Supp. 54. The reasoning of these cases shows that the cancellation of the lease is entirely for the benefit of the landlord, to enable him to obtain possession of the demised premises free of incumbrance. When the tenant voluntarily surrenders, the purpose of the section is accomplished. But,

when this status is obtained, the parties are left as free to contract as though no relation between them had ever existed and no proceeding was ever had. The law, under such circumstances, will recognize an express agreement, having relation to the premises, or imply one as the acts of the parties and the circumstances of the case indicate. It is quite evident that the first proceeding, resulting, as it did, in the warrant of removal, abrogated the lease; but it was still competent for the parties to revive and continue the original relation upon the same terms, and treat the lease as continuing. It is to be borne in mind that the plaintiff was the moving party, and the abrogation of the lease was for his benefit, as the defendant was guilty of the breach. It was therefore perfectly competent for him, not only to waive the breach, but also the right derived from the issuing of the warrant (Titus v. Insurance Co., 81 N. Y. 410), and this waiver can be presumed from his act as well as by affirmative words. When the warrant issued, the defendant was required to remove, but he did not do that. On the contrary, he paid the rent due, the defendant accepted the same, and took no further action. The defendant continued to remain in possession of the premises as though no proceeding were ever had. After payment of the rent, and the act of the plaintiff, it is quite evident that the natural, sensible conclusion which would be drawn by persons conversant with the facts would be that the plaintiff had elected to waive the forfeiture, and the rights which accrued to him by virtue of the issuance of the warrant, and continued in recognition of the lease theretofore existing. So far as the defendant was concerned, the case is even stronger. He continued to remain, and he must most naturally have considered upon his tenure in the enjoyment of the premises. The most natural conclusion would be, under such circumstances, that, as the relation had not been at any time formally disturbed, it was regarded by him as continuing. If the facts were such as to induce both parties or the defendant to act upon such supposition, then either or both would be estopped from denying the effect of the legal inference. Continental Nat. Bank v. National Bank of the Commonwealth, 50 N. Y. 575. We are not called upon, however, to determine this question as a legal conclusion, if the facts were presented to us for determination as an original question. It is quite apparent that the court below, upon the evidence and the acts of the parties, might draw the inference that, as the recovery of rent was the motive for the first proceeding, the defendant might reasonably conclude that, if he paid, his term would be continued under the lease, and that the plaintiff acquiesced therein, and, if both acted upon such supposition, neither can now be permitted to change such position to the disadvantage of the other. As the circumstances authorized such conclusion, the finding of the court is conclusive upon us. If these views are correct, it follows that the plaintiff had the legal right to maintain the later proceeding, in which event the defendant becomes entitled to be ejected by the last warrant, and not by the first.

The judgment should therefore be affirmed.

Judgment of the municipal court affirmed, with costs. All concur.