(58 Misc. Rep. 207.)

### FOX v. MURDOCK.

(Supreme Court, Appellate Term. March 5, 1908.)

1. LANDLORD AND TENANT—TERMINATION OF TENANCY—"CONSTRUCTIVE EVICTION."

A constructive eviction is something done by a landlord or his agents which deprives the tenant of the full benefit and enjoyment of the leased premises; and such acts of the landlord or his agent, accompanied by an abandonment of the premises by the tenant with reasonable promptitude, are a virtual expulsion of the tenant, precluding a recovery for rent thereafter.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 691.

For other definitions, see Words and Phrases, vol. 2, p. 1470.]

2. SAME.

A tenant cannot base a constructive eviction on wrongful acts of the superintendent of the landlord, where the landlord did not personally know of the acts; but if, after notice to the landlord of the misconduct, he permits the annoyance to continue, he is accountable for the acts of the superintendent.

3. SAME.

Whether a tenant removed from the leased premises with reasonable promptitude because of the misconduct of the agent of the landlord, *held*, under the evidence, a question of fact for the determination of the trial court sitting as a jury.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Emanuel E. Fox against Francis A. Murdock. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Francis B. Chedsey, for appellant.
Frank Trenholm, for respondent.

GILDERSLEEVE, P. J. The action is for rent for the month of June, 1907, under a written lease for the term of one year, commencing October 1, 1906, and terminating September 30, 1907. The defendant moved out of the premises the last day of May, 1907, having given plaintiff notice of his intention to move in a letter

dated May 3, 1907. The defense to the action is a constructive eviction. As the court below found for the defendant, the appellate court will accept the defendant's version as correct as to disputed questions of fact. It appears that plaintiff's superintendent was in the habit of listening at the switchboard or at the telephone in her apartment when defendant's wire was in use, and of making insulting and even slanderous remarks concerning the defendant's wife to the elevator boys in plaintiff's employment. For a long time neither defendant nor his wife knew anything of this nefarious procedure on the part of plaintiff's superintendent. Consequently it cannot be said that the said acts formed the basis for or would justify a finding that the defendant was annoyed or disturbed in his possession at the time these acts were going on. Finally, however, when the elevator boys had been discharged by plaintiff, they informed defendant's wife of this reprehensible conduct of plaintiff's superintendent, and thereupon defendant's wife called on plaintiff and complained to him of the behavior of his said superintendent. There was also some trouble of a minor nature between the superintendent and defendant's wife, arising from a demand by the former that defendant's servant use the basement door only in going in and out of the house.

A constructive eviction is something done by a landlord, or his agents, which deprives a tenant of the full use, benefit, and enjoyment of the demised premises; and such acts of the lessor, or his agents, accompanied by an abandonment of possession by the lessee with reasonable promptitude, is deemed a virtual expulsion of the tenant, and, equally with an actual expulsion, precludes the recovery of rent. If the landlord suffers acts to be done which make it necessary for the tenant to remove, or if he permits interference by those acting under his authority which deprives the tenant of the means or power of beneficial enjoyment of the premises, or at least materially impairs such enjoyment, such acts must be considered an eviction. McAdam on Landlord & Tenant, 1293; Tallman v. Murphy, 120 N. Y. 345, 351, 24 N. E. 716; Seigel v. Neary, 38 Misc. Rep. 300, 77 N. Y. Supp. 854.

Furthermore, the landlord is liable for the misconduct of his agent, when perpetrated by the latter in the course of his employment, even though the landlord did not authorize, justify, or know of the misconduct. McAdam on Landlord & Tenant, 848. But, as before stated, the alleged acts of the superintendent not having been made known to the defendant or his wife personally, or made in their presence or hearing, it cannot be said that the defendant could base an eviction thereon. If, however, after notice to the landlord of the misconduct of his superintendent, the former had permitted the annoyance to continue, he would have been accountable for the acts of the superintendent. But there is no evidence whatever of any continuance of the said misconduct of the superintendent subsequent to the making of the complaint by defendant's wife to the plaintiff. The inference, therefore, is that such misconduct ceased.

So far as the question of laches in moving out of the premises is concerned, it may be said that the peculiar circumstances of the case were such that it cannot be said as a matter of law that the defendant lost the right to repudiate the hiring by reason of lack of reasonable promptitude in moving out. The question of reasonable promptitude in removing from the premises was a question of fact, to be determined by the court, sitting as a jury, from all the facts and circumstances disclosed by the evidence, and his decision on that question should not be disturbed.

For the reasons above stated, the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

BISCHOFF, J., concurs.

MacLEAN, J. (concurring). Without determining the question of constructive eviction, in this action for rent accruing after vacation by the tenant of the premises leased, by or through acts and conduct of an agent of the plaintiff in interfering with a maid of the defendant and in lending in and out of season a too willing ear at the telephone switchboard, rendering the tenancy, as declared, very unpleasant and annoying, even unbearable, the case is barren of such acts or conduct later than the middle of March, 1907, and, upon hearsay, later than some time, not appearing, in April, when the plaintiff was informed, and, though requested, refused to discharge that agent. Upon the occurrence of circumstances amounting to a constructive eviction, the tenant is put to his prompt election to tolerate what is unwelcome or to remove from the premises. If he does not speedily evince the latter determination, he will be held to have accommodated himself to the former alternative. Retention of the premises until the 25th of May, even upon written notice dated May 3, 1907, by the defendant that he would vacate and surrender on or before the 31st inst., without reason therein, may not, in view of the evidence, be determined to be a prompt election. The judgment should therefore be reversed, and a new trial ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.