### LAWRENCE et al. v. EDWIN A. DENHAM CO.

(Supreme Court, Appellate Term. February 5, 1909.)

1. LANDLORD AND TENANT (§ 171*)—"ACTUAL EVICTION."

An "actual eviction" consists in the deprivation by the landlord of the tenant of the whole or some portion of the demised premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 691; Dec. Dig. § 171.*

For other definitions, see Words and Phrases, vol. 1, p. 157.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. LANDLORD AND TENANT (§ 190*)—RENT—LIABILITY OF TENANT—EFFECT OF EVICTION.

Where there has been an actual eviction from a part of the demised premises, the tenant may retain possession of what he has; the entire rent being suspended until full possession has been restored.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 766; Dec. Dig. § 190.*]

3. LANDLORD AND TENANT (§ 171*)—EVICTION—NATURE OF ACT.

The willful act of a landlord in depriving his tenant of a portion of the demised premises, in defiance of the tenant and his right under the lease, is in the nature of a trespass.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 691; Dec. Dig. § 171.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Lee G. Lawrence and another, as trustees, against the Edwin A. Denham Company. From two final orders in summary proceedings in favor of plaintiffs, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Gignoux & Reid, for appellant.
William C. Davis, for respondents.

GILDERSLEEVE, P. J. The evidence upon this trial does not differ materially from that given upon the former trial. See 58 Misc. Rep. 543, 109 N. Y. Supp. 752.

The plaintiffs' attorney fails to distinguish between an actual partial eviction of a portion of demised premises and a constructive eviction thereof. In the case of an actual partial eviction, the payment of rent is suspended during such eviction. An actual eviction consists in the deprivation by the landlord of the tenant of the whole or some portion of the demised premises, and where there has been an actual eviction from a part of the demised premises the tenant may retain possession of what he has; the entire rent being suspended until full possession has been restored. The act of the landlord in depriving the tenant of a portion of the demised premises being a willful one, and done in defiance of the tenant and his rights under the lease, is in the nature of a trespass. Carter v. Bryon, 49 Hun, 299, 1 N. Y. Supp. 905; Siegel v. Neary, 38 Misc. Rep. 297, 77 N. Y. Supp. 854; Lewis v. Payn, 4 Wend. 423, 427.

The law of this case was laid down in our former opinion, and there are no new facts shown in the present record to in any way vary the result arrived at by this court upon the former appeal.

Final orders reversed, with costs, and the petitions dismissed. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes