**101 WEST 135TH STREET CORPORATION, Landlord, Respondent, *v.* LOVE B. WOODS, Tenant, Appellant.**

Supreme Court, Appellate Term, First Department, April 18, 1940.

*Pope B. Billups*, for the appellant.

*William M. Perlman*, for the respondent.

MILLER, J. In this proceeding for non-payment of $1,725 rent the landlord obtained a final order and judgment November 10, 1939. The warrant was issued November thirteenth, and on November twenty-fourth the tenant paid $500 on account, reducing his indebtedness to $1,225. November twenty-fifth, the day

following the $500 payment, the landlord brought another proceeding for non-payment of $1,225, the balance of the tenant's indebtedness. The marshal returned the warrant in the first proceeding as "unused" December twenty-eighth.

In the second proceeding final order was awarded the landlord. The tenant appealed from that adjudication and on motion in this court for a stay of the execution of the warrant in that proceeding based his application on the ground that by the issuance of the warrant in the first proceeding the lease was canceled and as the relation of landlord and tenant no longer existed the court had no jurisdiction to entertain the second proceeding. The tenant's contention that the tenancy had terminated was unanswerable (Civ. Prac. Act, § 1434); but this court denied the stay (N. Y. L. J. Feb. 2, 1940, p. 530) for the reason that as the final order and judgment in the prior proceeding conclusively established the lack of any defense to the landlord's demand no case was made out for a stay.

Thereupon the landlord moved for the reissuance of the warrant in this first proceeding, and from the order granting that application the tenant appeals, claiming that the court below had no jurisdiction to award that relief.

Notwithstanding the issuance of the warrant in this first proceeding, the parties by their agreement or acts could have waived the cancellation of the lease, thus authorizing the tenant to remain in possession under the demise, and in the absence of a contrary claim such an agreement might perhaps have been implied following the $500 payment. (*Voorhies* v. *Cummings*, 42 App. Div. 260.) But the tenant made no such claim here; on the contrary, as before stated, his counsel insisted that the lease had been canceled and as a result of such cancellation the trial court had no jurisdiction in the second proceeding.

After the cancellation of the lease the tenant held over as a trespasser, and Judge McAdam expressed the view (3 McAdam Landlord and Tenant [4th ed.], 142) that where the tenant is put out and returns there is nothing to prevent the marshal from re-executing the warrant. The reissuance of a warrant which had not been executed would accordingly be permissible.

It seems to me that the mistake in the landlord's procedure did not deprive the court below of jurisdiction to allow the landlord the benefit of the final order in this proceeding, which in the circumstances could only be had through the reissuance and execution of the unused warrant.

Order affirmed, with ten dollars costs.

SHIENTAG, J., concurs; McCook, J., concurs in result. [7]