Shiextag, J.
During the period of the housing shortage, it is the declared public policy that no tenant shall be dispossessed except under certain conditions not here necessary to enumerate. *114 The provisions of the emergency rent laws have no application where it is sought to dispossess a tenant for nonpayment of rent. However, for the purposes of the emergency rent laws, the dispossess proceeding is deemed to be pending until the warrant is executed (Whitmarsh v. Farnell, 298 N. Y. 336). If, therefore, before the warrant is executed, the tenant pays and the landlord accepts the rent found to be due and owing, either the landlord will be deemed to have assented to the continuance of the tenancy, or, to carry out the purpose and intent of the emergency statute, the former tenant will be treated as the statutory tenant in possession of the premises (Administrative Code, § U41-7.0, subd. c; Local Laws, 1947, No. 66 of City of New York; Voorhies v. Cummings, 42 App. Div. 260). Subdivision 8 of section 1410 of the Civil Practice Act (as added by L. 1946, ch. 684) does not here apply. That new subdivision relates only to a summary proceeding in the nature of a holdover, such as is authorized under the emergency rent statute.
The order appealed from should be affirmed, with $20 costs and disbursements to the respondent.