# CASES DETERMINED

IN THE

# ST. LOUIS COURT OF APPEALS,

## MARCH TERM, 1883.

---

JAMES A. MONKS *v.* CLARA J. MILLER, Appellant; JACOB MERTZ, Respondent.

### March 13, 1883.

1. CONTRACT — CONDITION PRECEDENT. — Conditions precedent in a contract must be complied with before a right of action on the contract accrues.

2. —— INTERPLEADER. — The holder of a fund claimed by each of two other persons, but to which he asserts no right, may pay the fund into court and cause the claimants to interplead and have their respective rights to the property adjudged.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Affirmed.*

A. J. P. GARESCHÉ, for the appellant.

ROEDER & RITCHIE, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

An agreement in the following terms is the foundation of this proceeding : —

" Whereas, a petition for divorce is now pending in the circuit court of the city of St. Louis, in which F. H. Miller is plaintiff and Clara J. Miller is defendant, which case comes on for trial at the February term of said court ; and whereas, the said defendant has lived with the said plaintiff

(363)

during the fourteen years last past, as his wife, and there might be by said court allowed alimony and counsel fees, in said action, and whereas plaintiff has no funds to pay such possible alimony or counsel fees ;

" Now, therefore, Jacob W. Mertz, at the city of St. Louis, Missouri, agrees, in consideration of one dollar to him paid by defendant, to place the sum of seven ($700) hundred dollars into the hands of James A. Monks of the same place, to be by him paid over to the said defendant eleven days after the said plaintiff obtains in said suit a decree of full divorce.

" No action being taken within said eleven days to set aside or modify such decree and in case the said plaintiff does not procure a divorce, the said sum of $700 is to be repaid to said Jacob W. Mertz eleven days after the final decree of said circuit court refusing said decree. The agreement between Jacob W. Mertz and the said defendant is made solely with the view of fixing possible alimony and counsel fees in the above action ; and in case the court in which said cause is tried shall allow defendant counsel fees and alimony, then in that event the said sum of $700 shall be liquidated damages to be by said Mertz paid and by the said defendant accepted in full of any judgment or allowance by the court in such behalf.

" In case of the death of the defendant before the final decree of divorce in said suit, the said sum of $700 shall be repaid to the said Mertz, and in case of the death of said plaintiff before the final decree, the money shall be paid to the said defendant.

" Should any doubt, contingency arise as to whether a final decree has been obtained in the case, Mr. James A. Monks, the custodian of said money, shall take the opinion of the deputy clerk of the court room in which said cause was tried, and his opinion shall be final and conclusive.

"And it is further agreed and understood that for all purposes relating to defendant's security as against said

Mertz's creditors, the said $700 shall become the property of defendant so soon as placed in the hands of James A. Monks, subject to the conditions and stipulations aforesaid.

"This agreement, executed in triplicate, signed, sealed, and delivered this 2nd day of February, A. D. 1880.

[Signed] "CLARA J. MILLER.
"JACOB MERTZ."

"I accept the above trust.

J. A. MONKS."

In December, 1881, the plaintiff filed his petition, alleging that the money mentioned in the agreement was still in his hands, and that he was ready and willing to pay the same to the party entitled thereto. That each of the parties defendant made claim to the money, and the plaintiff was ignorant of their respective rights. He prayed for permission to pay the money into court, and that the defendants be directed to interplead. The proper orders were made, and separate answers were filed by the defendants, each claiming ownership of the fund. Frederick H. Miller, the husband of Clara J., also filed an interplea, wherein he disclaimed all interest in the fund, and averred that it properly belonged to the defendant Mertz. After hearing the evidence, the court found in favor of defendant Mertz, and rendered judgment accordingly.

It appears from the record, that the divorce suit which was pending at the date of the agreement was dismissed by the plaintiff in June of the same year. In the interplea of defendant Clara J. Miller, it is alleged that another divorce suit was commenced by her husband in November, 1881. This fact was put in issue by the pleading of defendant Mertz, and no testimony was introduced on that subject. It is therefore not to be considered, for any purpose, in this case.

It would seem that a mere recital of the facts should be sufficient to satisfy any reasonable mind that the judgment of the circuit court was right. Waiving all questions as to the validity of the contract having reference to the exist-

ing coverture of one of the parties, there was no fulfilment of a single condition upon which, by its terms, the money was to belong to Mrs. Miller. No decree of divorce was ever granted in the suit to which the agreement referred, or in any other suit, so far as this record shows. The suit having been dismissed without a decree, Mertz was entitled to have his money back, even independently of the stipulation for its return in the event of a refusal of the decree. It is useless to urge that Mrs. Miller fulfilled the contract on her part. Her fulfilment ten times repeated would not have created the contingency upon which alone she was to get the money. But there was really nothing for her to fulfill. If, as is suggested, the true meaning of the contract was that she was to aid, by her collusive silence, in the procurement of the divorce, then the whole contract was void, for reasons other than the fact of coverture. Equally useless is it to argue that Mrs. Miller acquired any right by the violation of contract to her prejudice in the dismissal of the suit. The dismissal was in her favor, unless it be admitted that she was a collusive seeker for the divorce, which admission would make the case still worse for her. Neither Mertz nor Monks, the other parties to the agreement, had anything to do with the dismissal, nor had they, in the contract or elsewhere, given any guaranty against it.

A strong effort is made to show that the money belonged really to Miller, the husband, and not to Mertz. The direct evidence was all the other way, but it never was of the least consequence whether the money did so belong or not. Nothing in the case shows a right existing in Mrs. Miller to seize upon her husband's property in this proceeding.

Counsel for Mrs. Miller claim that, by the terms of the agreement, the money was to become her property so soon as it was placed in the hands of Monks. The stipulation referred to has no such meaning. It is expressly limited to " purposes relating to defendant's security as against said

Mertz's creditors." It has exclusive reference to a possible conflicting claim on the part of those creditors, and, even in that contingency, it is to be " subject to the conditions and stipulations aforesaid."

All the testimony offered about Miller's frequent attempts to "put up the money" with a view to getting a divorce was wholly irrelevant to this controversy, and need not be discussed. With the concurrence of all the judges, the judgment is affirmed.