FREDERICK W. A. BERGENGREN *vs.* JAMES M. ALDRICH, trustee, & others.

Essex. Nov. 7, 1884. — May 8, 1885. FIELD, C. ALLEN, & COLBURN, JJ., absent.

An undivided third of a parcel of land was devised to a trustee to hold during the life of A., and on A.'s death to convey the same to the children of A. The will also empowered the trustee to sell and convey, in fee simple or for any less estate, any part or the whole of the land. During the life of A., the trustee and the owners of the other undivided thirds joined in a lease of a portion of the land for a term of years, and agreed that, at the expiration of the term, the lease might be extended for a further term. At the expiration of the first term, A. was living, and the lessee demanded a renewal of the lease. *Held,* on a bill in equity for specific performance of the agreement to renew the lease, brought after the death of A., that the trustee had no authority to bind the remainder-men; and that the court would not decree specific performance as to them or as to the owners of the other interests in the land.

BILL IN EQUITY, filed February 28, 1884, against James W. Aldrich, trustee under the will of Elizabeth K. Purinton, Alice S. Longley, Elizabeth K. Haskell, Mary K. Boyce, and Lizzie W. Aldrich. The bill alleged, in substance, that on January 7, 1872, George W. Keene, Elizabeth K. Purinton in her own right, Pelatiah Purinton, her husband, and William S. Boyce, trustee for Lydia G. Aldrich, executed, under seal, to William F. Snow and William A. Messinger a lease, which was duly recorded, of certain land in Lynn, for the term of nine years from October 7, 1871, which lease contained the following covenant: "It is hereby agreed by the parties hereto that this lease may be extended or renewed, at the expiration of the time herein mentioned, for a further term of ten years," at a certain rent.

The bill further alleged, that, with the assent of the lessors, the lease was, on February 12, 1875, assigned to the plaintiff, who entered into possession thereunder, and occupied the premises during the remainder of the nine years' term; that, on the expiration thereof, the plaintiff demanded of the lessors and those having their estate in the premises that the lease be extended and renewed for the term of ten years from October 7, 1880, which demand was and still is refused. The prayer of the bill was, that the defendants be ordered and decreed to extend

and continue the lease, on the conditions therein set forth, for the term of ten years from October 7, 1880, and for further relief.

The defendants Elizabeth K. Haskell, Alice S. Longley, and Lizzie W. Aldrich filed a plea to the bill, alleging that Avis Keene, by her will, which was admitted to probate on December 3, 1867, devised one undivided third part of the land in question to William S. Boyce, "to have and to hold the same to him during the natural life of my daughter, Lydia G. Aldrich, upon the trusts and to the uses following, to wit, to take and receive the rents, profits, and income thereof, and therewith to pay all necessary charges and expenses in and about the same; and the residue of such rents, profits, and income to pay to my said daughter, Lydia G. Aldrich, annually, to her sole and separate use, and on her sole receipt.

"And I do hereby authorize and empower the said William S. Boyce, if he shall judge expedient, to sell and convey, for such price as he shall deem proper, in fee simple or for any less estate, any part or the whole of the real estate given him in trust as aforesaid; and the proceeds thereof to invest or put at interest on good security, and the income or interest of the same to pay to my said daughter as aforesaid; and I do further authorize and empower the said William S. Boyce, from time to time, to pay to my said daughter any part of the principal of such proceeds, to her sole use and on her sole receipt, as in his judgment she may need for her comfortable support and maintenance.

" And I do direct the said trustee to pay the residue of said property which shall remain at the decease of my said daughter to the children of my said daughter, in equal proportions; and the children of any child who may have deceased to be entitled to the same share as his or her parent would have been if then living.

" The remainder or reversion of said real estate, from and after the decease of my said daughter, Lydia G. Aldrich, I do give and devise, in equal proportions, to her children who may be then living, provided, that if any of her children shall have died and shall have a child or children living at that time, then such child or children is to be entitled to the same share as his

or their parent would have been if then living, — to have and to hold the same, to them and their respective heirs, to their respective use forever."

The plea further alleged, that Boyce was duly qualified as trustee under said will, and entered upon the execution of said trust, and continued therein until his decease, which was several years prior to the expiration of said lease; that the said trust was, by its terms, terminated by the death of Lydia G. Aldrich; that the parties to this plea, as the children and representatives of the deceased child of Lydia G., were entitled to said third, and had entered into possession of the same; that Boyce had no other estate, right, or power in said premises than was granted him under said devise; that the agreement or covenant to renew said lease entered into by him was void and of no effect against these defendants; that after the decease of said Boyce, Charles F. Coffin was duly appointed trustee as his successor, and was such upon the expiration of the lease; that he has since resigned, and James E. Breed was appointed in his place, and that he continued as trustee thereof until the death of Lydia and the consequent termination of said trust; that the defendants are cotenants, in common and undivided, with the other defendants, in said premises and land adjoining the same, being a parcel of land formerly belonging to Avis Keene, who devised the same to the defendants or their respective grantors, and since her death the whole land has been held in common and undivided; and that the agreement and covenant to renew, on the part of the lessors named in said lease other than said Boyce, being an agreement to lease or convey an undivided part of a divided portion of an estate in common, was voidable, and void and of no effect, as against these defendants.

The defendants Mary K. Boyce and James M. Aldrich filed a separate plea, adopting the statements of the other plea.

Hearing, before *Devens*, J., on the bill and pleas, who reserved the case for the consideration of the full court.

*C. P. Thompson & I. B. Keith*, for the plaintiff.

*R. E. Harmon*, for the defendants.

W. ALLEN, J. The allegations of the pleas show a defence to the suit by all the defendants. It is alleged that, when the

lease was given, one of the lessors, William S. Boyce, trustee for Lydia G. Aldrich under the will of Avis Keene, had an estate in an undivided third of the demised premises for the life of the said Lydia, with remainder to her children; and the said Lydia has since then deceased. Neither this interest of the trustee, nor the power of sale given to him by the will, gave him any authority to bind the remaindermen by the covenant of renewal, and their plea shows, a perfect defence.

As regards the other two defendants, who appear to be bound by the covenant, the plea adopted by them also alleges that the demised premises are parcel of lands held in common by all the defendants, these defendants owning each an undivided third part. A lease of their interests would therefore be a lease of an undivided part of a separate parcel of the land held in common. If there were no other reason, this would prevent a decree for specific performance by them to the extent of their interest. As their plea shows that there could have been no decree for specific performance against them after the death of Lydia G. Aldrich, it sets up a full defence.    *Pleas allowed.*