## PRESTON *v.* SMITH.[1]

*(Circuit Court, E. D. Missouri.* May 26, 1885.)

BILL TO QUIET TITLE—LIFE-TENANT AND REMAINDER-MAN.

A remainder-man cannot maintain a bill against a life-tenant to prevent his denying the former's interest in the estate, and from making leases extending beyond the term of his natural life.

In Equity.

*Henry Hitchcock,* for complainant.

*John Wickham* and *Given Campbell,* for defendant.

TREAT, J. The bill alleges that the defendant is a tenant for life, and the plaintiff remainder-man in fee, expectant on certain impossible conditions to the contrary. It charges that she has made, and is about to make, leases extending beyond the term of her natural life; and also is asserting that the defendant has no title or interest in the estate. The court is prayed to enjoin said defendant from making such leases, and from asserting that defendant has no title or interest in the estate. The proposition is somewhat novel. Without undertaking to review the many cases cited as to bills of peace, or *quia timet,* whether parties are in or out of possession, it must suffice that none goes so far as to uphold a bill against a tenant for life, in possession, to restrain him from making leases which might by possibility extend in terms longer than his natural life. It is obvious that if defendant is only tenant for life, no lease by her made could extend legally beyond her life. Hence there is no occasion for the interposition of equity to restrain one from doing a legal impossibility. It may be that the purpose of this proceeding was to obtain a judicial decision as to the title in the plaintiff, if any, subsequent to the death of the defendant. Why should she, during her life-time, be made a party to controversies which can arise only between others after her death? It may or may not be that the claim of the plaintiff is ill-grounded, and that she and the other children of William Christy are entitled to said estate. The court cannot pass upon that question on the present demurrer.

Demurrer sustained.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.