(78 Misc. Rep. 46.)

## HINTON et al. v. BOGART.

(Supreme Court, Appellate Term, First Department. October 23, 1912.)

1. LIFE ESTATES (§ 25*)—LEASE BY LIFE TENANT—TERMINATION.

 Where a landlord had only a life estate in the premises, her lease terminated at the option of the remaindermen on her death.

 [Ed. Note.—For other cases, see Life Estates, Cent. Dig. § 47; Dec. Dig. § 25.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. LIFE ESTATES (§ 25\*)—TERMINATION—RIGHTS OF REMAINDERMEN.**

Remaindermen were entitled to waive forfeiture of a lease given by a life tenant, and they waived the same by receiving rent due at the time they were entitled to a dispossess warrant, and by receiving rent from the tenant thereafter.

[Ed. Note.—For other cases, see Life Estates, Cent. Dig. § 47; Dec. Dig. § 25.\*]

**3. LIFE ESTATES (§ 25\*)—LEASE BY LIFE TENANT—DEATH—RELATION OF LANDLORD AND TENANT—INTERRUPTION.**

Where on the death of a life tenant who had leased property to defendant the remaindermen continued to receive rent for nearly two years, there was no interruption of the relation of landlord and tenant, and defendant was liable under the original contract.

[Ed. Note.—For other cases, see Life Estates, Cent. Dig. § 47; Dec. Dig. § 25.\*]

Appeal from City Court of New York, Special Term.

Action by Alfred P. Hinton and others against George E. Bogart. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiffs appeal. Reversed, and demurrer overruled.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Everett, Clarke & Benedict, of New York City (Herman S. Hertwig, of New York City, and Dodge L. Marks, of Brooklyn, of counsel), for appellants.

Ferriss & Storck, of New York City (H. C. Storck, of New York City, of counsel), for respondent.

GUY, J. Plaintiff, as landlord, sues to recover taxes which the defendant, as tenant, agreed to pay as part of his rent. The complaint alleges a letting to defendant on November 1, 1901, by a life tenant who died on July 30, 1906; that tenant agreed to pay the taxes as a part of the rent; that plaintiffs are the remaindermen; that defendant occupied the premises ever since the life tenant's death and until April, 1912; that on August 24, 1906, the plaintiffs, as remaindermen, notified defendant of the life tenant's death and the termination of the lease, and of their willingness that he should continue to occupy the premises on the same terms and until further notice; that in March, 1910, the remaindermen served upon the defendant a statutory notice to quit; that on June 21, 1910, the plaintiffs recovered a final order in summary proceedings dispossessing defendant and awarding them possession of the demised premises, which was affirmed by this court in December, 1910, but under which no warrant to remove the defendant was issued; that defendant continued to hold over and occupy the demised premises and paid the rent for 1911 and part of 1912, but refused to pay the taxes for 1911.

[1] Upon the death of the life tenant, her lease to the defendant terminated at the option of the remaindermen. They had, however, the right to continue it, which they exercised. Barson v. Mulligan, 198 N. Y. 24, 25, 28, 29, 90 N. E. 1127.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] The remaindermen had the right to and did waive the forfeiture of the lease by receiving the rent due at the time they had a right to the issuance of the dispossess warrant, and additional rent for nearly two years thereafter. Siegel v. Neary, 38 Misc. Rep. 298, 301, 302, 77 N. Y. Supp. 854; Voorhies v. Cummings, 42 App. Div. 260, 58 N. Y. Supp. 1120.

[3] The relation of landlord and tenant existing between the parties prior to May 1, 1910, had never been interrupted, and the liability of the defendant under the agreement then subsisting still continues.

The judgment is reversed and demurrer overruled, with costs, with leave to defendant to withdraw the demurrer and to answer within six days upon payment of costs in this court and in the court below. All concur.